# UNITED STATES

*v.*

# SUNDRY LOTS OF LIQUORS.

---

San Juan Law, No. 1396.

RE DESTRUCTION OF LIQUOR.

Volstead Act—Retention of Liquors.
> 1. Serviceable alcohol coming to the custody of the marshal will be retained by him subject to future orders of the court.

Volstead Act—Hospitals.
> 2. The general policy pursued by the Federal courts is to retain alcohol and its compounds which are suited for sick use and distribute the same among hospitals from time to time.

Opinion filed July 13, 1920.

---

*United States District Attorney* for the Government.

United States v. Sundry Lots of Liquors.

HAMILTON, Judge, delivered the following opinion:

In an order heretofore made, this court directed the destruction of all liquors, except brandy and whisky, now in the hands of the marshal of this court from any source.

1. It did not then appear that there was any alcohol in his custody. It has since developed that there is some serviceable alcohol, and the marshal is directed to retain that the same as whisky and brandy for future disposition. It might be added that whenever any champagne comes to his custody, it also is to be retained, as like the other articles it has a medicinal value.

2. At the time of the previous order, the court reserved the question of the future disposition of whisky and brandy, to which must now be added alcohol as above. By correspondence with district judges it has been ascertained that the general practice from Maine to Louisiana is to retain all of the good brands of whisky and brandy, and dispose of them by sale to drugstores and by free distribution to Federal hospitals and agencies, as provided by law. This practice seems to be based upon a proper public policy. While the public sale of intoxicants for beverage is prohibited by law, their use for medicinal and scientific purposes is as fully recognized by law. The manufacture has been largely curtailed, the expense greatly increased, and yet there are times when in the opinion of most physicians alcohol and its compounds are important in the sick room. The court would not feel justified in ordering the destruction of alcohol and its compounds which are suited for such purposes. In the St. Louis district there is stored in the basement of the Federal building more than $200,000

worth of such liquors. It might be added that the destruction practised in the States, so far as ascertained, is the same as that heretofore pursued by the marshal of this district, that is to say, by pouring it into a sewer.

It would appear, therefore, that the proper course is to direct the marshal to retain safely in his possession the alcohol, whisky and brandy now in his custody, filing an inventory with the clerk, and hold the same subject to future orders of this court. He will ascertain what is needed for drug and Federal purposes under the law, from time to time, and upon proper report further orders of disposition will be made.